IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

ANDREW MUGNANO

        **Plaintiff,**

v.                                           Civil Action Number:   2:20-cv-00756

**DEBBIE HISSOM, DIRECTOR OF
CORRECTIONAL HEALTHCARE;
WEXFORD HEALTH SOURCES, INC.;
JAMES GRAY; SHERRI JOHNSON;
PAM MOORE and JOHN/JANE DOES;**

        **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Andrew Mugnano, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Andrew Mugnano (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the Northern Regional Jail and Correctional Center (hereinafter, "Northern").

2. Defendant Debbie Hissom is employed by Defendant WVDOCR as the Director of Correctional Healthcare. Defendant Hissom is employed by the WVDOCR in a supervisory capacity and is responsible for implementing and enforcing policies and procedures regarding inmate healthcare. Upon further information and belief, Defendant Hissom is the individual who supervises individuals who work in the healthcare field throughout all WVDOCR facilities. Defendant Hissom was also personally on notice of plaintiff's deteriorating condition as a result of correspondence from plaintiff to Defendant Hissom. Plaintiff made direct appeals to defendant Hissom to address his serious medical need. This correspondence was ignored. Defendant Hissom was on notice of plaintiff's worsening and serious medical condition and was in a position to intervene. She failed to do so as a result of her deliberate indifference. This defendant is being sued in her individual capacity and was acting under the color of state law at all relevant times herein. Upon information and belief defendant lives in Kanawha County, West Virginia.

3. Defendant, Wexford Health Sources, Inc. (hereinafter "Wexford") is a health service business that contracted with the WVDOCR to provide health services. Defendant is an out of state corporation that does business throughout the Southern District of West Virginia, including, but not limited to, Charleston, Kanawha County, West Virginia. Defendant Wexford was responsible for providing proper and adequate care to the plaintiff. Defendant was at all times acting under the color of state law. Defendants James Gray, Sherri Johnson, M.D. and Pam Moore were employed by Defendant Wexford, all of whom witnessed or had knowledge of and ignored the progressive deformity of plaintiff's foot. Despite witnessing the progressive deformity, defendants failed to have plaintiff seen by a specialized medical provider or provide any treatment to plaintiff until after the condition became permanent. The progressive deformity of plaintiff's foot was so apparent and obvious that a lay person would recognize the need for proper medical intervention. Moreover, defendants repeatedly ignored plaintiff's complaint of pain and difficulty walking.

4. Defendants Pam Moore and Sherri Johnson were employed by Defendant WVDOCR at the Northern Correctional Center. The individual Defendants were deliberately indifferent to Plaintiff's serious medical needs after Plaintiff tripped on the stairs in his housing unit, severely injuring his left foot. After severely injuring his left foot, Plaintiff sought treatment through Defendant Pam Moore initially, who refused to even order an x-ray of plaintiff's foot for approximately three (3) months. Defendant Sherri Johnson failed to conduct a medical assessment of Plaintiff's injured foot, until December 13, 2018, when she noted that "pt. complains that discomfort is gradually worsening as the left foot protrusion enlarges and more pressure is occurring over it" See Exhibit A (The note also assesses his foot deformity). Defendants Pam Moore and Sherri Johnson were deliberately indifferent to Plaintiff's serious medical needs despite their actual knowledge that Plaintiff's injury was clearly worsening. Defendants provided no care to plaintiff for this condition but ignored plaintiff's complaints of pain. Plaintiff was forced to endure excruciating pain while his condition continued to progress, all of which further resulted in Plaintiff suffering severe pain and emotional distress. The Defendants' deliberate indifference was a violation of policy and procedure and resulted in the wanton and willful infliction of pain upon the Plaintiff which is proscribed by the Constitution of the United States. The indifference further resulted in plaintiff suffering severe deformity and loss of use to his foot.

5. John/Jane Does were individuals employed by Defendant Wexford that were also

responsible for providing medical services and referrals and who were also aware of plaintiff's deformed foot. Defendant Does were at all times acting under the color of state law.

6. Plaintiff continued to complain to defendants about his foot. The reckless, wanton, wrongful and intentional acts and omissions of the Defendants directly resulted in Plaintiff suffering a progressive deformity of his foot as well as sever pain. Plaintiff has exhausted all available administrative remedies. Plaintiff is seeking damages from the Defendants up to an amount commensurate with the amount of insurance coverage applicable to Plaintiff's claims made herein if applicable.

7. The deliberately indifferent conduct of the defendants directly resulted in plaintiff not being provided timely medical care for his contorted foot and chronic pain. Plaintiff now suffers from a condition called Charcot foot. Plaintiff continues to suffer severe pain and deformity as a result of defendants' deliberate indifference.

8. All events and occurrences alleged herein occurred in the State of West Virginia.

**FACTUAL BACKGROUND**

9. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 8 as if set forth herein.

10. On or about July 30, 2018, Plaintiff tripped on the stairs in his housing unit and severely injured his left foot.

11. Plaintiff is an insulin dependent diabetic who reports to the medical unit three (3) times per day in order to receive insulin injections and receive blood/sugar tests. Immediately after Plaintiff injured his foot, he reported to medical for his diabetic services and notified Defendant Pam Moore that he had injured his foot. Although Plaintiff was in constant contact with medical staff and Defendant Pam Moore on a daily basis, Defendant Moore did nothing for Plaintiff's injury until on or about October 19, 2018, (three months after he injured his foot) at which time she ordered x-rays for Plaintiff's foot. Later in October, Plaintiff was informed by Moore that he was fine and that the x-rays were negative.

12. On or about December 13, 2018, (approximately five months after Plaintiff injured his foot) Defendant Sherri Johnson finally assessed the Plaintiff's injury as a result of plaintiff's ongoing complaints of pain. At that time, Plaintiff's condition had worsened to the point that Defendant Johnson documented that digits 2 through 4 of Plaintiff's left foot were markedly laterally deviated from the great toe. Essentially, plaintiff's toes were now grotesquely pointed to

the left, away from his great toe.  Plaintiff's condition continued to worsen, defendant Johnson, just like Defendant Moore, offered plaintiff no treatment or intervention and Plaintiff continued to suffer severe pain.  A review of photos of Plaintiff's left foot demonstrates the magnitude of his condition and visually demonstrates plaintiff's injury and the amount of pain he had suffered. (See Exhibit B, attached).

13. After receiving no help from Defendant Johnson, plaintiff began requesting to see a foot doctor (podiatrist).  All of Plaintiff's requests were denied.  Plaintiff's foot and subsequently his left leg progressed in its deformity.  Plaintiff was forced to drag his left foot and leg up and down the hallway, three times a day, in order to report to medical for his diabetic services, every day.  Defendants observed plaintiff's condition on a daily basis.

14. On June 24, 2019, after receiving no medical assistance from Defendant Moore or Johnson, plaintiff filed grievance No. 19-NCC-C3-775 regarding the failure of medical to treat plaintiff and to further request to be referred to a Podiatrist.  On July 26, 2019, defendant Debbie Hissom granted plaintiff's grievance and directed WVDOCR employees to schedule and transport Plaintiff to a podiatrist for evaluation within 7 days.  Plaintiff however was not seen by the podiatrist until August 9, 2019.

15. Prior to the granting of plaintiff's grievance, Plaintiff wrote letters to Defendant Hissom requesting help.  These letters were ignored until July 26, 2019.  Plaintiff appealed grievances to the WVDOCR, placing it on notice of the conduct of their contractual employees. Defendants' conduct carried out under the color of state law, violated plaintiff's Constitutional right to receive healthcare and treatment of a serious medical condition.  This conduct also violated Plaintiff's right to be free from cruel and unusual punishment by virtue of deliberate indifference to a serious medical need.  At no time did Defendants Moore or Johnson offer Plaintiff any sort of adequate treatment for a progressive condition of which they had knowledge and as a result, Plaintiff is now confined to a wheelchair.  Defendant Hissom was also deliberately indifferent until July 26, 2019 when she finally ordered that plaintiff be seen by a podiatrist.  However, Hissom again failed to ensure that her directives were carried out in a timely manner.

16. As an inmate of the WVDOCR, Plaintiff was entitled to proper medical care for his injured and deformed foot.

17. During Plaintiff's incarceration, Defendant Wexford by and through its officers, agents and employees, willfully and knowingly ignored plaintiff's worsening condition.  Plaintiff

learned that he suffered from Charcot foot on or about August 9, 2019.  Defendant Wexford's policy of requiring a committee review of medical conditions prior to approving outside medical treatment results in a policy, custom and practice of denying timely medical treatment for serious medical conditions.

18. In the spring/summer of 2020, plaintiff developed a sore on his foot/ankle area.  Plaintiff repeatedly complained of the sore and voiced his concern that it would become infected and that he would lose his foot.  Defendants again ignored plaintiff's concerns about his open and obvious sore.  Plaintiff filled out numerous sick call requests as well as grievances that again went unaddressed.  As expected by plaintiff, plaintiff became septic and had to be rushed to the local hospital.  The defendants were again on notice of the serious risk herein but ignored that risk, thereby resulting in plaintiff's extended hospitalization.  Plaintiff states and alleges that the Wexford defendants have personal issues with plaintiff or animus that affects their ability to fairly and professionally address plaintiff's medical needs.  Defendants' ongoing and continuing deliberate indifference to plaintiff's condition resulted in plaintiff being hospitalized for a condition that was easily treatable and preventable.  Plaintiff has suffered severely for the ongoing deliberate indifference of the defendants.

### COUNT I - VIOLATIONS OF THE UNITED STATES CONSTITUTION
### DELIBERATE INDIFFERENCE  (42 U.S.C. §1983)

19. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 18 as if set fully for herein.

20. Defendants, while acting under the color of state law, violated Plaintiff's constitutional rights through deliberate indifference to his safety, personal and medical needs, thereby resulting in plaintiff being subjected to a chronic foot injury without treatment or proper evaluation for approximately 1 year.  This deliberate indifference continued through 2020, thereby resulting in plaintiff being hospitalized for septic shock.  The conduct of defendants is part of a pattern and practice of withholding timely medical treatment when the treatment must be provided by an outside physician or hospital.  Moreover, defendants are guilty of a pattern of ignoring orthopedic or podiatric injuries.  Furthermore, the review process knowingly results in inmates such as plaintiff being denied timely medical care for serious medical conditions.

21. The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under the Eighth Amendment to the United States Constitution. Such conduct is actionable pursuant to 42 United States Code § 1983.

22. The inaction of Defendants was not carried out in good faith and was in violation of plaintiff's constitutional rights. Defendants would have known that their conduct was a violation of plaintiff's constitutional rights as a result of legal precedent and their training.

23. Defendants violated Plaintiff's constitutional rights as a prisoner in WVDOCR custody under the Eighth Amendment to the United States Constitution as described and identified herein, by carrying out a policy or custom of withholding outside medical care or treatment or any medical care for plaintiff's foot injury, despite having knowledge that the condition caused severe pain and despite knowing that it placed plaintiff at serious risk of harm. Defendants routinely and have a history of following a policy or custom of not providing timely treatment.

24. Plaintiff has been damaged as a result and seeks all compensatory and punitive damages allowed by law as well as attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II
## VICARIOUS LIABILITY/CORPORATE DELIBERATE INDIFFERENCE

25. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 24 as if set forth herein.

26. Defendant Wexford is vicariously liable for the outrageous conduct of its employees under the doctrine of respondent superior, as the individuals were acting within the scope of their employment and at the time the inappropriate acts described herein occurred. Moreover, Defendant Wexford was responsible for ensuring compliance with policy directives to ensure that inmates were provided proper medical care.

27. As such, plaintiff is entitled to recover damages from the Defendant Wexford under the theory of vicarious liability as well as its own constitutional violations of deliberate indifference.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGEOUS CONDUCT

28. Plaintiff realleges and incorporates paragraphs 1 through 27 above as if fully set forth herein.

29. Defendants' conduct as described above, was carried out without just cause and

was outrageous and intentional, proximately causing Plaintiff to suffer pain, severe emotional distress, humiliation, mental distress and loss of personal dignity.

30. Defendants knew that the failure to obtain medical care was reasonably certain to cause severe pain and emotional distress. Despite said knowledge, defendants conducted themselves in an unlawful manner when they intentionally refused to provide plaintiff the medical referral or treatment he required.

31. Defendants and Defendant Does were acting within the scope of their employment and apparent authority at all times relevant herein.

32. As a result of the aforementioned conduct, Plaintiff has suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendants' violation of her rights and is therefore entitled to compensatory damages as well as punitive damages against all defendants.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

                                                  ANDREW MUGNANO,
By Counsel,

/s/ Paul M. Stroebel
Paul M. Stroebel, Esquire (WV BAR 5758)
Stroebel & Stroebel, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329